# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

CHARLES W. ZBYTNIEWSKI, III

    vs.                              CASE NUMBER:    **6:21-CV-1045 MAD/TWD**

KATHY HOCHUL, ET AL.

---

### ORDER DIRECTING ADMINISTRATIVE CLOSURE
### WITH OPPORTUNITY TO COMPLY WITH FILING FEE REQUIREMENTS

Plaintiff's complaint was filed in the Northern District of New York on September 21, 2021. An Order denying the Plaintiff's Motion for Leave to proceed in forma pauperis was issued by Judge Dancks's on October 4, 2021. The Plaintiff was directed to pay the filing fee on or before October 15, 2021. The Plaintiff has not paid the filing fee for this action.[1]

A civil action is commenced in federal district court by filing a complaint. Fed. R. Civ. P. 3. The statutory filing fee must also be paid at the time an action is commenced, unless the plaintiff seeks in forma pauperis status. *See* 28 U.S.C. §§ 1914(a), 1915(a).

---

[1] The total cost for filing a civil action in this court is $402.00 (consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $52.00).

**WHEREFORE,** it is hereby

**ORDERED** that because this action was not properly commenced, the Clerk is directed to administratively close this action;[2] and it is further

**ORDERED** that if plaintiff desires to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and pay the full $402.00 filing fee for civil actions; and it is further

**ORDERED** that upon plaintiff's compliance herewith, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on plaintiff.

**IT IS SO ORDERED.**

DATE: October 20, 2021

                                                 Mae A. D'Agostino
                                                 U.S. District Judge

---

[2] "[I]if the case is reopened pursuant to the terms of this order, it is not subject to the statute of limitations time bar as long as it originally was timely filed." *Vangundy v. Haque*, No. 17-CV-0024, 2017 WL 1274318 at *2, n.5 (citing *McDowell v. Del. State Police,* 88 F.3d 188, 191 (3d Cir. 1996))..